# Cases in Chancery.

## Rogers and another *vs.* Dibble.

Where a bill was filed in the court of chancery to correct an erroneous description of premises in a deed, and the bill was dismissed by the court of chancery; but upon an appeal to the court for the correction of errors, the decree of the chancellor was reversed, with costs to the complainants, both in the appellate court and in the court below; *Held*, that the defendant was not exempt from imprisonment, upon an execution for the recovery of such costs.

The act to prevent imprisonment for debt does not exempt the defendant from imprisonment on execution, upon every decree of the court of chancery founded on contract; but only in those cases where the suit or proceeding in chancery was instituted for the recovery of money due upon a contract, or upon a previous judgment or decree which was founded on a contract, or for the recovery of *damages* for the non-performance of a contract.

A party to a suit cannot be imprisoned upon an execution for the costs of a writ of error or of an appeal, where he would have been exempted from imprisonment upon the judgment or decree against him in the original suit.

THIS was an application by the defendant to set aside the capias ad satisfaciendum in this cause, on the ground that he was not liable to arrest and imprisonment. The object of the suit was to reform a deed which had been given to the defendant by D. Boardman, and which by mistake embraced a piece of land included in a subsequent conveyance from Boardman to the complainants; and also for a perpetual injunction to restrain the defendant from proceeding in an ejectment suit which he had brought against them for that piece of land. The complainants'

1839.
July 16.

VOL. VIII.                    2

bill was dismissed by the vice chancellor, and his decision was affirmed upon an appeal to the chancellor. But upon a subsequent appeal to the court for the correction of errors, both decrees were reversed with costs. That court thereupon declared and decreed that a mistake had occurred in the description of the premises intended to be conveyed by the deed of Boardman to the defendant. And he was decreed to convey to the complainants the piece of land which by mistake had been included in that deed; and was perpetually enjoined from further proceeding at law to recover from the complainants that piece of land. He was also decreed to pay the complainants' costs in the court below, as well as their costs upon the appeals. The ca. sa. was issued for the costs in both courts; upon which execution the defendant was arrested and imprisoned by the sheriff.

*L. H. Palmer*, for the complainants.

*J. Ellsworth*, for the defendant.

THE CHANCELLOR. Although it is not stated in the affidavit upon which this application is founded that the defendant was a resident of the state at the time he was arrested and imprisoned on this execution, I shall assume the fact that he was so, for the purpose of deciding the question whether he is liable to arrest and imprisonment for the costs in this cause. There is nothing upon the face of the execution which has been issued in this case to show that the suit in which these costs were decreed was founded on contract. No presumption therefore of the defendant's non-residence can arise from the fact that the sheriff has arrested him thereon; although he might be liable to an action of false imprisonment for arresting a resident upon an execution which showed on its face that he was not liable to such arrest. It is settled, by several decisions of the supreme court, that if the original action was one in which the parties were exempted from arrest, under the non-im-

prisonment act, they could not be arrested upon an execution for the costs of a writ of error founded upon the judgment in such suit. (9 *Wend. Rep.* 430. 13 *Idem,* 70.) The defendant therefore was not liable to arrest for the costs of the appeals, if he could not have been arrested for the costs in the original suit before the vice chancellor.

Upon a careful examination of the provisions of the act under which this application is made, I am satisfied, however, that this is not a case in which the defendant is exempt from imprisonment on execution founded upon the decree. The statute does not exempt parties from imprisonment upon every decree of this court made in a suit founded upon contract. It is not necessary, therefore, to inquire whether this suit was founded upon the original contract between the defendant and Boardman which by mistake was not properly carried into effect by the subsequent deed that was intended to be given in conformity thereto, or upon the inequitable attempt of the defendant to recover land, by the ejectment suit against the complainants, which had been included in that deed by mistake. The first section of the act provides that "no person shall be arrested or imprisoned on any civil process issuing out of a court of law, *or on any execution issuing out of any court of equity,* in any suit or proceeding instituted for the recovery of any money due upon any judgment or decree founded upon contract, or due upon any contract express or implied, or for the recovery of any damages for the non-performance of any contract." (1 *R. S. 2d ed.* 807.) To exempt either party therefore from arrest upon the process of this court, such process must be an execution issued in a suit or proceeding instituted *for the recovery of money* due upon some previous judgment or decree founded upon contract, or in a suit or proceeding instituted *for the recovery of money* due upon a contract either express or implied, or for the recovery of *damages* for the non-performance of a contract. But this suit, even if it was founded upon the contract originally made with Boardman previous to the execution of the deed to the defendant, was

not instituted either for the recovery of money due upon that contract, or to recover damages for the non-performance of the contract; for there was no charge or allegation in the bill which would have entitled the complainants to a decree for any money due upon that contract, or for damages for the non-performance thereof by the defendant. The only decree to which they could be entitled, upon the case made by their bill, was a decree to reform the deed; or rather a decree for a conveyance to the complainants of the piece of land which was included in that deed by mistake; or for a perpetual injunction to restrain the defendant from proceeding at law to recover the land included in the deed by mistake, and to restrain him from using the legal title which he had acquired under the erroneous deed in any manner that was inconsistent with their equitable rights.

The motion to set aside the execution and to discharge the defendant from his arrest thereon is therefore denied, with $10 costs.